## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**PERCIVAL LARONA WILLIAMS,**

   **Plaintiff,**

**vs.**                                    **Case No.: 1:22-cv-00332-AW-MAF**

**KATRINIA LENAIR DANIELS,**
**et al.,**

   **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis,* initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff then filed a first amended complaint. ECF No 7. The Court screened the amended complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

On January 27, 2023, the undersigned recommended the case be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history in both the initial complaint and the first amended complaint. ECF No. 20. However, that Report **SHALL BE VACATED.** Plaintiff filed a

second amended complaint, on January 21, 2023, which was docketed in this case on January 30, 2023. ECF No. 21. Accordingly, this instant Report replaces the prior Report, to address Plaintiff's second amended complaint. For the reasons stated below, this case should be dismissed as malicious and for failure to state a claim.

## I.   Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case

he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air

Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). The Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Malicious abuse of the judicial process warrants dismissal.[1]

## II.   Plaintiff's Complaints, ECF Nos. 1 and 7.

Plaintiff filed an initial complaint, which was legally insufficient. ECF No. 1. The Court provided Plaintiff an opportunity to amend giving him until January 13, 2023. ECF No. 4. Plaintiff filed an amended complaint before the deadline. ECF No. 7. The complaints are no model of clarity. As best can be determined, Plaintiff sues Katrinia Daniels and Deputy Chad Dugan in their individual and official capacities. ECF No. 7, pp. 2-3; see also ECF No. 1. Plaintiff claims that Daniels made defamatory statements about him in a police report which was taken by Deputy Dugan. The statements are being used in a criminal case against him in Alachua County, which remains pending. See ECF Nos. 1, 7. The amended complaint remains a shotgun pleading. Plaintiff does not attribute any acts or omissions to Dugan other

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

than he took a statement from Daniels. Plaintiff also fails to establish that Daniels is a state actor for the purposes of a Section 1983 action. Normally, the Court grants a plaintiff leave to amend and did so here. But Plaintiff is not entitled to multiple opportunities to amend, particularly, given his affirmative misrepresentations regarding his litigation history. Undeterred, Plaintiff attempted to amend his complaint several times more.

## III.    Plaintiff's Repeated Attempts to Amend.

Before filling a first amended complaint, but before receiving the Court's order to amend, Plaintiff filed a letter including a request for relief in the amount of $1,500, which the Court liberally construed as an attempt to amend his complaint. ECF No. 5, 6. The Court struck the filing as an improper pleading and advised Plaintiff of N.D. Fla. Loc. R. 15.1, which provides that pleadings may only be amended "by filing a complete copy of the amended pleading," on the proper form, simultaneously with a motion for leave to amend. ECF No. 6.  Eventually, on December 27, 2023, Plaintiff complied with the Court's order and filed his first amended complaint, as described in Section I above.

On January 12, 2023, Plaintiff filed several pages of the complaint form, which the Court construed liberally as an attempt to amend. See ECF Nos. 10, 11. Again, the Court struck the filing as an improper pleading and,

for the second time, reminded Plaintiff of Local Rule 15.1 and to use the proper form. ECF No. 11. Around the same time, Plaintiff filed another letter, ECF No. 12, which was an attempt to, in part, drop some claims and continue with others. The Court construed Plaintiff's pleading as a motion to amend but denied the request because Plaintiff did not comply with Rule 15.1, a third reminder on the proper course to amend. ECF No. 13.

After the deadline to amend passed, Plaintiff filed a letter on January 19, 2023. ECF No. 14. The Court again construed Plaintiff's filing as an attempt to amend and reminded him of the proper course for the fourth time: "If Plaintiff seeks to amend his complaint in any way, he must file a proper motion seeking the Court's permission and simultaneously file an amended complaint on the proper form, signed under the penalty of perjury." ECF No. 15, p. 2.

On January 25, 2023, Plaintiff filed a second amended complaint on the proper form but without the requisite motion seeking leave to amend. ECF No. 21. The timing of this second amended complaint is significantly relevant. Less than two weeks earlier, on January 13, 2023, United States Magistrate Judge Hope T. Cannon issued a report and recommendation in Plaintiff's other case here. Williams v. Taylor, N.D. Fla. Case No. 1:22-cv-00337-AW-HTC, ECF No. 9. Judge Cannon recommended Plaintiff's case

be dismissed as malicious for his failure to disclose his litigation history and failure to state a claim. Id. The Report was adopted on January 30, 2023, and rejected Plaintiff's objection that the failure to disclose was an oversight. Id., ECF No. 12.

This second amended complaint now includes Plaintiff's litigation history and attempts to add Sheila Taylor as a defendant in this case. Taylor was the sole defendant in Case No. 1:22-cv-00337-AW-HTC. However, this second amended complaint will not be considered because Plaintiff filed it after the deadline to amend and without an accompanying motion seeking permission to amend. Plaintiff received four advisory orders on the proper course to amend. Not only does it fail to comply with the Rules governing this proceeding, it is a clear attempt by Plaintiff to avoid dismissal for failure to disclose his litigation history. For this reason, the first amended complaint, ECF No. 7, remains the operative complaint.

## IV.   Plaintiff's Affirmative Misrepresentations

The complaint forms Plaintiff used are substantially similar to each other but are not identical. The initial complaint is on the 2016 form. ECF No. 1. The amended complaint is on the 2022 revised form. ECF No. 7. The forms contain warnings about the failure to properly disclose one's litigation history. On the 2016 form, Section VIII provides: "*failure to disclose all prior*

*cases may result in the dismissal of this case."* ECF No. 1, p. 11. On the 2022 form, there is a more explicit warning:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

ECF No. 7, p. 8. Plaintiff signed both complaints under the penalty of perjury. ECF No. 1, p. 12; ECF No. 7, p. 13.

To Question A, "Have you had any case dismissed as frivolous, as malicious, for failure to state a claim, or prior to service," Plaintiff answered "No." ECF No. 1, p. 9; ECF No. 7, p. 9. Plaintiff also wrote "N/A" in each blank in the section. Id. Plaintiff's affirmative representations are false. Plaintiff omitted Williams v. Pena, N.D. Fla. No. 1:21-cv-00161-AW-GRJ, which was dismissed for failure to state a claim and counts as a "strike" under the Prison Litigation Reform Act.

To Question C, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement," Plaintiff answered, "No." ECF No. 1, p. 10; ECF No. 7, p. 10. Plaintiff wrote "N/A" in all the sections where he was to list the lawsuits. ECF No. 1, pp. 10-11; ECF No. 7, p. 11-12. Plaintiff's representations are false. Plaintiff challenged his prosecution,

imprisonment, and the conditions of his confinement, in the same case in which he incurred the "strike" but omitted it from both complaint forms. See Williams v. Pena, N.D. Fla. No. 1:21-cv-00161-AW-GRJ.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated.

As stated above, Plaintiff failed to disclose the earlier "strike" and stated that he had not filed other lawsuits relating to his conditions of confinement. The earlier-filed case is evidence that Plaintiff's statements are inaccurate. The Court has authority to control and manage its caseload. Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and dismissal of the instant action might result from any untruthful answers. Yet, Plaintiff failed to disclose his litigation history as required. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal

without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## V.   Plaintiff Fails to State a Claim

Alternatively, this case may be dismissed because Plaintiff has not stated a claim for relief against Defendants under Section 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam).

Daniels is clearly not a person "acting under the color of state law." Id. Therefore, Daniels cannot be liable under Section 1983 for violating any of Plaintiff's constitutional rights. See Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).

Even the claim against <u>Dugan</u> fails. Dugan took Daniels's statements, which are being used in the ongoing criminal case against Plaintiff. It is well-settled that federal courts may not enjoin state court proceedings. <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971). <u>Younger</u> concerned state criminal proceedings and is also "fully applicable to noncriminal judicial proceedings when important state interests are involved." <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)). Under <u>Younger</u>, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. <u>See Middlesex</u>, 457 U.S. at 432. With respect to the first <u>Middlesex</u> factor, the relevant inquiry is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." <u>31 Foster Children</u>, 392 F.3d at 1276; <u>Newsome v. Broward Cty. Pub. Defs.</u>, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam).

Here, Plaintiff's challenges to any issues related to the state case will fail. If this Court were to make factual findings relating to Dugan's actions in taking witness statements that will be used in the criminal case, it would

interfere in the pending state case. Plaintiff has adequate opportunity to raise his constitutional claims within the state case and in subsequent direct or collateral appeals.

## VI.    Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history in the initial- and amended complaints and, alternatively, for failure to state a claim. Finally, it is recommended the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court **SHALL VACATE** the prior Report and Recommendation, ECF No. 20.

**IN CHAMBERS** this 30th day of January, 2023.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).